By the Court.
The journal entry of the court of • appeals in this cause is in the blanket form, “contrary to the law and the evidence.” Upon the facts the court of appeals must have found that *389 the verdict was against-the manifest weight of the evidence. The court did not follow the requirements of the statute in pointing out the specific ground of error, which may have been an oversight of counsel rather than of the court. Thereafter, however, the court of appeals undertook to enter final judgment against the plaintiff below.
This brings '.up for review the question as to whether or not there was any issue of fact, and any evidence upon each material element thereof, requiring a submission of the case to the jury. We do not regard the special finding of fact by the jury as conclusive against the general verdict. Upon the contrary, we believe it is reconcilable with the general verdict, and, therefore, we are brought to the question as to whether or not the court of appeals was justified in rendering final judgment against the plaintiff below.
If this was a case for the jury, under the issues pleaded and the evidence offered, then the plaintiff had the constitutional right to a verdict by the jury, and no reviewing court is authorized by the constitution, or statutes pursuant thereto, to render final judgment contrary to said verdict. Its duties in that behalf are limited to having said cause remanded to the trial court for -a new trial. Anything else than this makes a mere mockery out of trial -by jury. Indeed, boiled down, it makes a trial by jury simply a prelude to a trial by judge. We would then have a paper right of trial by jury in theory, while we would have a trial by judge in practice. Such a trial would be an expensive farce, *390 an extravagant nullity and a most palpable violation of the right of trial by jury guaranteed by every state constitution in the Union, and also guaranteed in our federal practice by the federal constitution. Gibbs v. Village of Girard, 88 Ohio St., 34; Slocum v. New York Life Ins. Co., 228 U. S., 364.
The judgment of the court of appeals entering final judgment against the defendant in error below is reversed, and the judgment of the court of appeals, in so far as it reversed the court of common pleas on the ground that the verdict was contrary to the evidence, is affirmed, and this cause is remanded to the court of common pleas for a new trial or such other proceedings as are warranted by law.

Judgment accordingly.

Nichols, C. J., Wanamaker, Newman and Matthias, JJ., concur.